THE STATE *v.* BORROUM, 25 Miss. Rep., 203.

### FORFEITURE OF RECOGNIZANCE.

The parties to a recognizance, cannot, after the defendant's failure to appear, interpose objections to recognizance, on account of the insufficiency of the grand jury. Objections to the grand jury must be made by the defendant by plea in abatement.

Where the *scire facias* is demurred to on account of a variance between it and the judgment *nisi*, the demurrer should be sustained and the defendants discharged.

Error to La Fayette circuit court.　MILLER, J.

This was a *scire facias* issued from the circuit court of La Fayette county upon a forfeited recognizance given by Wesley Bruce for his appearance at the next term of said circuit court, to answer a charge of trading with a negro slave without legal authority, in which D. P. Borroum, Sims McNeely, and Nathaniel G. Dacus were his securities.　The defendant Bruce failed to make his appearance at a term of the court as required by his recognizance, and a *scire facias* was issued against the securities upon the forfeited bond, to which the defendants, Borroum et al., pleaded that said Bruce had never been charged with any crime or misdemeanor known to the laws of the state, to which the district attorney, on the part of the state, replied, setting out the bill of indictment which had heretofore been found against Bruce for the offense charged; to which replication the defendants rejoined, that the grand jury, by whom the said bill of indictment was found, was illegally organized, to which the district attorney demurred, and upon a joinder in the demurrer the court overruled the demurrer and gave judgment for the defendants.　The district attorney, on behalf of the state, prayed a writ of error.

*D. C. Glenn*, attorney general.

*J. W. Thompson*, on same side, cited and commented on 1 Arch. Cr. L., 447, 448; Gould's Pl., 227; ib. ch. 5, § 2–4.

*J. F. Cushman*, for defendants in error, cited in reply and commented on Gould's Pl., 40, 41, § 35, 38; 3 Black. Com., 301; Barb. Cr. Law, 343; Gould's Pl., 43; 1 How., 139; Gould's Pl., 453; Black. Com., 310; 6 Com. Dig., 154, (F.); Co. Litt., 304.

The *scire facias* does not recite correctly the charge alleged in the bill of indictment.　The charge in the indictment is, "unlawfully did buy and receive of and from a negro slave named Ellick, which said negro was then the property of David M. Brown, seventy-five pounds of cotton," etc.　The *scire facias* recites, that he made default to answer a charge of "unlawfully buying seventy-five pounds of cotton," without setting forth the

name of the slave or his owner. This certainly is such a variance as will sustain the decision of the court below, and the same point has been adjudicated by this court in the case of Bridges v. State, 2 Cush., 153.

According to the well-settled rules of pleading, a demurrer goes back to the first defect in the pleading, and this, I think, is shown to be error and justifies the decision of the court below on the pleadings.

*H. A. Barr,* on same side.

YERGER, J.:

This case was before us in January, 1852. It is now presented upon a demurrer by the state to the rejoinder of defendants.

By the rejoinder the defendants seek to avoid the recognizance, because, as they aver, the grand jury which found the indictment against Bruce, was not duly and legally organized.

Without deciding whether the defendants are precluded by the state of the pleadings from making this defense, it is sufficient to remark, that in our opinion the defendants could not at any time have avoided the recognizance for any defects in the organization and qualification of the grand jury.

The defendant in the indictment could only have questioned the sufficiency of the grand jury by a plea in abatement, and that plea could only have been interposed by him on his appearance in court to answer the charge against him. If upon his appearance he had entered the plea of " not guilty," he could not afterwards have made objections to the grand jury. The right to object to its legal sufficiency is the personal right of the defendant in the indictment, a right, of which he could only avail himself by appearing to answer the charge and insisting upon it by plea. In our opinion the parties to a recognizance, who are intended to compel the appearance of the accused, have no right after his failure to appear, to interpose objections to the proceedings, which objections, if true, would not render the proceedings absolutely void, but only erroneous and voidable upon the appearance and plea of the accused.

The demurrer to the rejoinder was well taken, and judgment should have been entered on it for the state, but for the rule,

that a demurrer reaches back to the first error in the pleadings.

There is a manifest variance between the recognizance, the judgment *nisi*, and the *scire facias*. The accused, Wesley Bruce, was recognized to appear and answer a charge by indictment of "unlawfully buying and receiving from a certain negro slave, named Ellick, who was the property of David M. Brown, seventy-five pounds of cotton without," etc. The *scire facias* recites, that he was called and made default to answer "a charge of unlawfully buying from a negro slave seventy-five pounds of cotton."

The recognizance only bound the parties for the appearance of Bruce to answer a charge of buying and receiving from a particular specific slave, whereas the *scire facias* recites a recognizance for his appearance to answer a charge of buying from a slave generally and without identity. For this variance the demurrer must be sustained to the *scire facias*, and the judgment below affirmed.